## McCall *v.* Girard Life Insurance Co., Appellant.

*Insurance—Life insurance—Payment of premiums—Evidence.*

1. In an action on life insurance policies, where the defense is that premiums had not been paid in full, and it appears such payments were made through a bank, acting for defendant company, it is reversible error for the court to submit to the jury a payment credited to another party than the assured, but with the same surname, without any proof produced by plaintiff to show that they were one and the same person and that the mistake was in name only.

2. In such case, where it appears payments were made to the bank not only on account of premiums, but also on account of installments on a building and loan association loan, for which the policy was taken out as security, and where plaintiff contends that a particular payment had been credited on an installment on the loan, whereas it should have been applied in part on the premises, it is reversible error for the court to permit the jury, without any evidence to prove that a mistake had been made, to consider such item in determining whether or not premiums had been paid.

3. In such case, in view of the arrangement between the parties as to the payments on account of premiums and installments, it was proper to admit evidence of payments made to the building and loan association.

4. A letter written by an insurance company before suit brought on a policy, giving a reason for its contention that the policy had lapsed, is admissible in evidence in a suit on the policy.

Argued March 7, 1922. Appeal, No. 56, Jan. T., 1922, by defendant, from judgment of C. P. Delaware Co., Dec.

T., 1918, No. 202, on verdict for plaintiff, in case of Alice M. McCall v. Girard Life Insurance Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Reversed.

Assumpsit on policies of life insurance. Before JOHN-SON, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,324.50. Defendant appealed.

*Errors assigned,* were inter alia, (4, 5, 6) various rulings and (7, 9) instructions, appearing by the opinion of the Supreme Court, quoting record.

*J. Borton Weeks,* of *Hannum, Chadwick & Weeks,* with him *Arthur L. Reeser* and *Brown & Williams,* for appellant.—Plaintiff is bound by the effect of her general offer of these books, showing that such items were paid on account of building and loan installments and not on account of insurance premiums: Kull v. Mastbaum & Fleisher, 269 Pa. 202; Groskin v. Moore, 249 Pa. 242; Kolaskie v. Dressner, 75 Pa. Superior Ct. 180; Siebelist v. Ins. Co., 19 Pa. Superior Ct. 221; Mellon Nat. Bank v. Peoples Bank, 226 Pa. 261.

The court erred in referring in its charge to the item credited in the bank's record showing insurance premium payments to Willard S. McCall (a stranger to the insured) and in allowing the jury to infer that such item should have been credited to Clarence S. McCall, the insured, in the absence of evidence that such item had been erroneously entered to the credit of Willard S. McCall or that such item represented a payment made by or in behalf of the insured.

The general offer of the letter which declares the lapsing of the policies for nonpayment of premiums, is fatal to plaintiff's case: Kull v. Mastbaum & Fleisher, 269 Pa. 202; Groskin v. Moore, 249 Pa. 242; Kolaskie v. Dress-

ner, 75 Pa. Superior Ct. 180; Siebelist v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 221.

*A. B. Geary,* of *Geary & Rankin,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 10, 1922:

Plaintiff sued to recover the proceeds of two policies of insurance on the life of her deceased husband. Both policies, one for $1,000, the other for $2,000, were dated February 16, 1917, and were identical in form. The insured died January 4, 1918, before the expiration of the first year the policies were in force. The sole defense was the failure of the insured to pay the premiums in full, whereby the policies lapsed before the date of decedent's death. Plaintiff contended the premiums had, in fact, been paid and the jury returned a verdict in her favor for the amount of her claim. Defendant appealed.

Decedent procured a loan of $3,000 from the Chester Merchants & Mechanics Building & Loan Association and took out the life insurance policies in question to further secure the association. Although premiums under the terms of the policies were payable annually in advance, it was provided they could, if the insured so desired, be paid quarterly, and, by mutual agreement, it was arranged payments should be made monthly to the Chester National Bank in a sum sufficient to cover both the insurance premiums as they became due and also the installments due the building and loan association. The bank, pursuant to this arrangement, received payments from time to time and entered them in two separate accounts, one showing payments on account of the insurance and the other on the building and loan shares. It was undisputed that the amounts necessary to be paid on each before the death of the decedent, to keep the policies in force, was $76.80, and, according to the memorandum kept by the bank, the total payments credited on account of the policies was $66.24. In support of her contention that the remainder had been paid, plaintiff

relied upon a further payment of $37.50 made November 24, 1917, which she contended should have been applied partly on account of insurance premium and partly on account of dues on the building and loan shares, but which the bank had credited entirely on account of the latter. It does not clearly appear from the record how or by whom the mistake, if any, was made, whether by decedent in sending in his payment, or by the officers of the bank who were authorized by the insurance company to receive the premiums. If a mistake was made by the officers of the bank and the insurance account not properly credited, in that case defendant cannot take advantage of the failure of its agent to make the proper credits on the insurance account. The questions thus presented were necessarily questions of fact for the jury. There was, however, no evidence to prove a mistake was made, in fact, and the trial judge permitted the jury, without evidence, to consider this item in determining whether or not the premiums were paid. In discussing the case the trial judge in his charge also permitted the jury to infer that Willard S. McCall, who was credited in the bank's books with payment of $6.46 for insurance, was the same person as Clarence S. McCall, the deceased, without evidence having been produced by plaintiff to show they were one and the same person and that the mistake was in the name only. The trial judge concedes there was no evidence tending to show the two persons were identical but permitted the jury to say whether this item was a payment on account of decedent's policy. This was clearly erroneous. The item alone would not have been sufficient to make up the alleged deficiency on the two policies but the sum was large enough to have paid the arrearages on one of the policies. There was a further contention that defendant failed to give deceased credit for an item of $13.44, which amount would have more than made up any remaining deficiency. The record as to this is so vague we find it impossible to determine from an inspection of it what bearing, if any, this

evidence might have on the final disposition of the case.

The fourth and fifth assignments complain of the admission of evidence of payments made to the building association. In view of the mutual arrangement for the payment of both insurance premiums and building and loan association dues to the bank, whose officer would credit such payments to the proper account and in the proper amounts, and, in view of the contention that a mistake had been made in the entries, it was important to show the full amount of payments on both accounts, consequently, this evidence was properly admitted.

The letter referred to in the sixth assignment of error contains defendant's reason for its contention that the policies lapsed and was competent evidence.

The seventh and ninth assignments of error are sustained and the judgment of the court below is reversed with a new venire.